# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT LEE WILLIAMS,**

            Petitioner,

            v.                          Case No. 08-C-353

**STATE OF WISCONSIN,**

            Respondent.

## RECOMMENDATION THAT THE PETITION FOR A WRIT OF HABEAS CORPUS BE DISMISSED

On April 28, 2008, Robert Lee Williams ("Williams") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying Williams' petition was a motion to proceed in forma pauperis. On May 2, 2008, this court denied Williams' petition to proceed in forma pauperis and ordered the petitioner to pay the filing fee. Further, the court stated that it appeared that Williams' petition was untimely under the one year statute of limitations set forth in 28 U.S.C. §2244(d)(1). Therefore, the court instructed Williams to provide any explanation he can offer as to why his petition is not untimely under § 2254 or why he should otherwise be permitted to proceed with his petition within 30 days.

On May 6, 2008 the court received the required filing fee and Williams' brief wherein he presented his argument as to why his untimeliness should be excused. In light of Williams having paid the filing fee, the court is required to screen Williams' petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. In accordance with Rule 4, "[i]f it plainly appears from

the face of the petition and any attached exhibits that the petitioner is not entitled to relief in district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." From the court's review of Williams' petition, it is plainly apparent that Williams' petition is untimely, and therefore the court shall recommend that Williams' petition be dismissed.

Williams was convicted in Winnebago County Circuit Court on December 6, 2001 and was sentenced on February 8, 2002. (Docket No. 1 at 2.) On August 7, 2003, Williams filed a motion to withdraw his plea in the circuit court, which was denied on October 8, 2003. (Docket No. 1 at 2.) Williams appealed, and on August 26, 2004 the court of appeals affirmed the circuit court. (Docket No. 1 at 2.) On November 22, 2004, the Wisconsin Supreme Court denied review. (Docket No. 1 at 3.) On October 3, 2005 the United States Supreme Court denied review. (Docket No. 1 at 4.) Williams then filed a petition for a writ of habeas corpus in the United States Court of Appeals for the District of Columbia Circuit, which was dismissed without prejudice on August 14, 2007, due to the court's lack of jurisdiction. (Docket No. 1 at 20.) (The date Williams filed this petition is unclear; Williams states he filed this petition on August 15, 2007, (Docket No. 1 at 4), but he has submitted a copy of the Circuit Court's order dismissing his case, which is dated August 14, 2007, (Docket No. 1 at 20), one day before he allegedly filed the petition).

The record is insufficient to permit the court to conclude whether or not all the time between Williams' sentencing and the filing of his motion for post-conviction relief, roughly 18 months, is time that is properly excluded under the one-year statute of limitations. However, for purposes of this recommendation, the court shall proceed on the basis that this entire 18 month period is excluded.

Therefore, Williams' conviction became final October 28, 2005 when the 25-day deadline for seeking rehearing in the United States Supreme Court, see Sup. Ct. R. 44, passed without

-2-

Case 2:08-cv-00353-RTR   Filed 05/09/08   Page 2 of 5   Document 5

Williams requesting rehearing. In accordance with 28 U.S.C. § 2244(d)(1), Williams had until October 28, 2006 in which to file his present petition. It was not until approximately August of 2007 (as discussed above, the precise date is unclear) that Williams took further action by filing a petition for a writ of habeas corpus with the Court of Appeals for the District of Columbia. However, the filing of a petition for a writ of habeas corpus in federal court does not serve to toll the one year deadline. <u>Rhines v. Weber</u>, 544 U.S. 269, 274-75 (2005) (citing <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001)). Thus, when Williams filed his present petition on April 28, 2008, it was 18 months too late.

>Williams presents the following arguments in an effort to excuse his untimeliness:
>
>Due to transferrance to different facilities and Postal issues where on one end mail has not reached purposed destination (Hence the need for resubmitting documents) or where I have not received proper notification until time for filing has expired; Which can be viewed in one instance on document enclosed where as I was not informed until somewhat belatedly that said writ was denied and had I not requested representation would have continued in (for some time) ignorance. Furthermore, between that I've had Jurisdiction issues being sent from one court to another. Thereby, I beg the Courts mercy in not penalizing me for tardiness should i fall outside the required time frame.

(Docket No. 4.)

Williams' has failed to present any basis upon which this court could conclude that the one-year statute of limitations should be equitably tolled, <u>see</u> <u>Gildon v. Bowen</u>, 384 F.3d 883, 886 (7th Cir. 2004), or that he is entitled to relief pursuant to the doctrine of equitable estoppel, <u>see</u> <u>Balsewicz v. Kingston</u>, 425 F.3d 1029, 1035 (7th Cir. 2005).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417 (2005). The court finds Williams' substantial delays are inconsistent with a claim of diligence. Further, Williams has

failed to demonstrate the second element necessary to entitle him to equitable tolling. Difficulties resulting from being transferred to different facilities are hardly "extraordinary." Rather, such complications are an ordinary and expected consequences of a petitioner's custodial status. Similarly, occasional problems with the mail or procedural errors as a result of a pro se petitioner's unfamiliarity with the law are not extraordinary. Congress implicitly recognized that certain obstacles may be presented to a petitioner and thus provided habeas petitioners a full year in which to file a petition for federal habeas corpus relief, which is substantially more time than, for example, the 90 days provided to a litigant to request review by the United States Supreme Court.

The foregoing conclusion that Williams failed to act diligently also serves as a basis to preclude this court from finding that he is entitled to relief under the doctrine of equitable estoppel. Balsewicz, 425 F.3d at 1034 (citing Pace, 125 S. Ct. 1807, 1815). Similarly, as for the second element of a claim for equitable estoppel, there is no showing that the respondent's conduct prevented him from meeting the deadline. Being transferred to a different facility does not warrant extraordinary equitable relief.

Therefore, because the court finds that Williams' petition is plainly untimely, and Williams has failed to present an argument that would indicate that he is entitled to equitable relief from the statute of limitations, the court shall recommend that Williams' petition be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS THEREFORE RECOMMENDED** that Williams' petition for a writ of habeas corpus be **dismissed**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the

Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this <u>9th</u> day of May, 2008.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge